**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CRYSTAL BAGGETT,

               Petitioner,

      v.                                  No.:

CITY OF CHICAGO and MICHAEL TRACY

               Defendants.

## COMPLAINT

NOW COMES, the Plaintiff, Crystal Baggett ("Plaintiff"), by and through her attorneys, Golden Law, and files this Complaint against the City of Chicago and Michael Tracy ("Defendants"), for Defendants' violation of her rights under the Civil Rights Act of 1866, as amended 42 U.S.C §1981, *et. seq.* ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C §2000e ("Title VII"), the Civil Rights Act of 1871, as amended 42 U.S.C. §1983, the Fourth Amendment of the United States Constitution, the Illinois Human Rights Act 755 ILCS 5/*et seq.* ("IHRA"), and the common law torts of civil assault, civil battery, and intentional infliction of emotional distress. In support thereof, the Plaintiff claims that:

a. Defendants sexually harassed Plaintiff;

b. Defendants harassed Plaintiff based on her race;

c. Defendants assaulted and battered Plaintiff;

d. Defendants intentionally inflicted emotional distress upon Plaintiff;

e. Defendant City of Chicago indemnifies Defendant Tracy for harassment, assault, battery and intentional infliction of emotional distress.

1

f.  Defendants' harassment, assault, and battery of Plaintiff are an example of a pervasive and long standing practice of harassment and excessive force utilized within the Office of Emergency Management and Communications.

g.  Defendants retaliated against the Plaintiff for engaging in protected activity.

## JURISDICTION AND VENUE

1.  Original jurisdiction of this Court is invoked pursuant to 28 U.S.C §1331 and §1343 as the action is authorized and instituted pursuant to 42 U.S.C. §1988 for Section 1981, Title VI, Title VII.

2.  Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 for the IHRA claim as the claim arises from the same case or controversy as the claims under federal law.

3.  Defendant City of Chicago is a municipal corporation located in the Northern District of Illinois.

4.  Defendant Michael Tracy resides within the Northern District of Illinois and was employed by Defendant City of Chicago within the District.

5.  Plaintiff resides within the Northern District of Illinois and was employed by the Defendant City of Chicago within the District.

## ADMINISTRATIVE PROCEDURES

6.  Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on April 9, 2021. The EEOC issued its Notice of Right to Sue on April 21, 2021.

7. Plaintiff files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC. Plaintiff attaches hereto a copy of her Notice of Right to Sue Letter, hereinafter referred to as **Exhibit A**.

## PARTIES

8. Plaintiff Crystal Baggett is an African-American 29-year-old female citizen of the United States who resides in Cook County, Illinois and within the jurisdiction of the Northern District of Illinois.

9. Defendant Michael Tracy ("Defendant Tracy") is a Caucasian male citizen of the United States who resides in Cook County, Illinois. Defendant Tracy was at all times material and relevant hereto employed by and acting on behalf of Defendant City of Chicago.

10. Defendant City of Chicago is a duly incorporated municipal corporation and is the employer and principal of Defendant Tracy and Plaintiff. At all times material to this Complaint, Defendant Tracy was acting under color of state law, ordinance, and/or regulation, statutes, custom and usage of Defendant City of Chicago.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff was hired by Defendant City of Chicago on or about July 16, 2016, as a Police Communication Operator I in the Office of Emergency Management and Communications ("OEMC").

12. That throughout her employment, Plaintiff was a conscientious employee who performed assigned tasks in an acceptable manner consistent with Defendants' standards and regulations.

13. That at all relevant times, Plaintiff's employment contract with Defendant was governed by a collective bargaining agreement titled City of Chicago Agreement with Public Safety Employees Union Unit II Effective January 1, 2018, through June 30, 2022 ("CBA").

14. That at all relevant times, Plaintiff was employed by Defendant City of Chicago.

15. That at all relevant times Defendant Tracy was employed by Defendant City of Chicago as a supervisor.

16. That at all relevant times, Defendant Tracy supervised the Plaintiff's work.

17. That at all relevant times, Defendant Tracy had the power to hire employees.

18. That at all relevant times, Defendant Tracy had the power to discipline employees including Plaintiff.

19. That at all relevant times, Defendant Tracy had the power to recommend discipline for employees including Plaintiff.

20. That at all relevant times, Defendant Tracy had the power to terminate employees.

21. That at all relevant times, Defendant Tracy had the power to recommend termination of an employee.

**CLAIMS FOR RELIEF**

**COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DIRECTED AT DEFENDANT TRACY AND DEFENDANT CITY OF CHICAGO**

22. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23. That beginning in March 2020 and continuing until December 2020, Plaintiff was subjected to sexual harassment by her supervisor Defendant Tracy.

24. That in March 2020 Defendant Tracy sat on Plaintiff's desk and pulled up his pants showing the outline of his genitals through his pants. Defendant Tracy proceeded to make comments comparing his physical and financial characteristics to Plaintiff's significant other.

25. That beginning in March 2020 and continuing until December 2020, Defendant Tracy made inappropriate Defendant Tracy would also yell comments like "I heard you like short, fat, white, bald, married men".

26. That on or about October 2020, Defendant Tracy conducted sexual harassment training where he repeatedly used Plaintiff as an example in a manner that was offensive and uncomfortable. Defendant Tracy inaccurately stated at the training that "Crystal cannot say I'm sexually harassing her until she tells me to stop, but if she doesn't tell me to stop it is not sexual harassment".

27. That on or about December 8, 2020, Plaintiff was looking at the seniority list posted on the wall with her coworker Tasha Haywood who remarked that "this is a long list". Defendant Tracy walked up to the Plaintiff and Ms. Haywood and said "do you know what else is long? My dick" while gesturing towards his pelvic area.

28. That Plaintiff repeatedly asked Defendant Tracy to stop with the inappropriate comments and gestures to no avail.

29. That upon information and belief, Defendant Tracy has subjected other employees to discriminatory harassment on the basis of their sex. Defendant City of Chicago, knew about Defendant Tracy's discriminatory harassment and acquiesced, when it failed to prohibit Defendant Tracy's actions.

30. Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000d *et seq*.

31. Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

32. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities, and has otherwise adversely affected her status as an employee because of her sex.

33. As a direct and proximate result of Defendants' violation Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

34. Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

WHEREFORE, Petitioner requests that this Court grant the following relief:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

6

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

## COUNT II: VIOLATION OF 42 U.S.C. § 1981 AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DIRECTED AT DEFENDANT TRACY AND DEFENDANT CITY OF CHICAGO

35. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36. Defendants subjected Plaintiff to discrimination and harassment on the basis of her race.

37. That beginning in March 2020 and continuing to December 2020, Plaintiff was subjected to harassment based on her race from Michael Tracy. Unwelcome and offensive comments included "what's wrong with your hair?", "you act and talk like that guy Tim Anderson, you know that young black baseball player", "don't f**k up or you will be flipping burgers at McDonald's", "why do you always write things down, you act like your brain can't remember anything?", and "you are the outsider and you walk around like your s**t don't stink".

38. That Plaintiff repeatedly asked Defendant Tracy to stop with the inappropriate comments and gestures to no avail.

39. Defendants subjected Plaintiff to different terms and conditions of employment which constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. Section 1981.

40. The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affect Plaintiff's status as an employee, because of her race.

41. As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

42. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated, and has suffered damage to her emotional health, and has lost back pay and front pay.

43. Upon information and belief Defendant Tracy has subjected other employees to discriminatory harassment on the basis of their race.

44. Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

45. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

WHEREFORE, Petitioner requests that this Court grant the following relief:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

## COUNT III: VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT DIRECTED AT DEFENDANT TRACY AND DEFENDANT CITY OF CHICAGO

46. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

47. Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race and sex in violation Illinois Human Rights Act 755 ILCS 5/*et seq.*

48. Defendants have willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

49. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her age.

50. As a direct and proximate result of Defendants' violation of IHRA, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

51. Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

WHEREFORE, Petitioner requests that this Court grant the following relief:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

## COUNT IV: ASSAULT AND BATTERY DIRECTED AT DEFENDANT TRACY AND DEFENDANT CITY OF CHICAGO

52. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

53. That on December 22, 2020, Plaintiff raised her hand to ask Defendant Tracy a question. In response, Defendant Tracy stuck his middle finger up and said "f**k you".

54. Plaintiff stated "don't you ever raise your middle finger up at me or tell me f**k you"

55. Defendant Tracy balled his fist up with a knuckle out and approached Plaintiff in a manner that restricted her movement.

56. Defendant Tracy proceeded to punch Plaintiff in the left arm.

57. That on December 23, 2020, Defendant Tracy said "what the f**k is wrong with you, do you want me to punch you in your arm again?".

58. That Defendant Tracy intended to engage in offensive and harmful physical contact with Plaintiff's body.

59. That Defendant Tracy's conduct in subjecting Plaintiff to unwanted and unlawful physical contact was in violation of the law.

60. That upon information and belief, Defendant Tracy has previously engaged in harmful physical contact with other employees of OEMC under color of law in the scope of his employment by Defendant City of Chicago.

61. That Defendant City of Chicago was negligent in hiring, supervising, and retaining Defendant Tracy.

62. That Defendant City of Chicago could have prevented the assault and battery against Plaintiff by taking reasonable care in hiring, supervising, disciplining or even by firing Defendant Tracy.

63. That Plaintiff is entitled to be free from willful and wanton conduct.

64. That as a result of Tracy's conduct, Plaintiff suffered and continues to suffer from depression, PTSD, fright, physical illnesses, mental anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

(a) General damages for mental and emotional suffering caused by Defendants'

misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate

acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) All other relief to which he may be entitled.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DIRECTED AT DEFENDANT TRACY AND DEFENDANT CITY OF CHICAGO

65. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

66. While acting within the scope of his employment, Defendant Tracy subjected Plaintiff to

sexual advances and sexual harassment during her employment.

67. While acting within the scope of his employment, Defendant Tracy subjected Plaintiff to

physical assault and battery.

68. That Defendants, through its employee Defendant Tracy, intentionally inflicted severe

emotional distress and mental anguish on Plaintiff.

69. That Defendant Tracy acted willfully and intentionally in that he knew that Plaintiff would

suffer and did suffer extreme emotional and physical distress as a result of Defendant

Tracy's extreme, oppressive, and unreasonable conduct.

70. That Defendant Tracy's conduct amounts to intentional infliction of emotional distress because said conduct was extreme and outrageous and beyond the bounds of moral decency such that no reasonable person could be expected to endure it.

71. That as a result of Defendant Tracy's conduct, Plaintiff has continued to suffer severe emotional distress, depression, PTSD, fright, physical illnesses, mental anguish, humiliation and embarrassment.

72. That Defendants could have prevented the repeated extreme and outrageous conduct Defendant Tracy imposed upon Plaintiff by taking reasonable care in supervising, disciplining, or firing Defendant Tracy.

73. That as a result of Defendants' conduct, Plaintiff suffered and continues to suffer from emotional distress.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) All other relief to which he may be entitled.

## COUNT VI: INDEMNIFICATION CLAIM PURUSANT TO 745 ILCS 10/9-102 DIRECTED AT DEFENDANT CITY OF CHICAGO

74. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

75. Defendant City of Chicago is the employer of Defendant Tracy.

76. Defendant Tracy, as alleged above, committed the acts under color of law in the scope of his employment by Defendant City of Chicago.

77. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages arising from Defendant Tracy's actions.

WHEREFORE, should Defendant Tracy, in his individual capacity, be found liable for any of the alleged counts in this case, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, Defendant City of Chicago pay any judgment obtained against Defendant Tracy.

## COUNT VII: FOURTH AMENDMENT ULAWFUL SEIZURE PURSUANT TO 42 U.S.C §1983 DIRECTED AT DEFENDANT TRACY

78. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

79. Defendant Tracy violated Plaintiff's clearly established constitutional right to be free from unlawful searches and seizures.

80. The conduct of Defendant Tracy alleged above violated the Fourth Amendment to the United States Constitution.

81. The aforementioned actions of Defendant Tracy were the direct and proximate cause of the constitutional violations set forth above, and Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Tracy, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

## COUNT VIII: MONELL CLAIM DIRECTED AT DEFENDANT CITY OF CHICAGO

82. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

83. It is the custom, practice, and/or policy of OEMC personnel and/or their supervisors, agents and/or other employees of the OEMC to perform the following acts and/or omissions:

   a. Generate false documentation to cover-up for the misconduct of fellow OEMC personnel;

   b. Fabricate documents concerning acts of misconduct that have occurred by fellow OEMC personnel;

   c. Engage in acts of sexual misconduct;

   d. Engage in the excessive use of force;

   e. Fail to properly discipline personnel from OEMC who have committed acts of sexual misconduct and/or excessive use of force;

   f. Fail to properly investigate complaints;

   g. Fail to take proper remedial action against personnel from said fire department who have committed acts of sexual misconduct and/or excessive use of force;

   h. Allow misconduct to occur in various types and severity such that all OEMC personnel believe that they can engage in sexual misconduct and/or excessive force without repercussions;

   i. Fail to provide adequate sanctions or discipline to OEMC personnel who commit acts of sexual misconduct and/or excessive force; and

84. These practices or customs, as alleged above, has gone unchecked and has been allowed to exist in the OEMC for a significant period of time, so much so that OEMC personnel recognize that they will not be punished for committing said acts. In fact, said acts are either permitted or quietly consented to by supervisors of the OEMC in order to permit said conduct to reoccur.

85. A code of silence exists among OEMC personnel. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).

This code of silence contributes to the generation of secrets regarding misconduct within the OEMC.

86. As a direct and proximate result of the aforementioned acts and omissions by Defendant City of Chicago, there exists a custom, practice, policy, and/or pattern, either implicit or explicit, by Defendant City of Chicago, in which OEMC personnel cover up for the wrongful and/or illegal acts of their colleagues.

87. Said custom, practice, policy, and/or pattern by Defendant City of Chicago encourages, endorses, is willfully ignorant to, or otherwise promotes wrongful acts such as those committed by Defendant Tracy.

88. As a direct and proximate result of the aforesaid custom, practice, policy, and/or pattern, either implicit or explicit, by Defendant City of Chicago, Plaintiff was injured in a personal an pecuniary manner.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Tracy, and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

## COUNT IX: RETALIATION CLAIM DIRECTED AT DEFENDANT TRACY AND DEFENDANT CITY OF CHICAGO

89. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

90. That Plaintiff reported the above referenced misconduct to her employer on or about December 29, 2020.

91. That Plaintiff obtained an emergency order of protection against Defendant Tracy on January 29, 2021. The order of protection prohibited Defendant Tracy from being on

premises at 1411 W. Madison and 2111 W. Lexington and prohibited Defendant Tracy from contacting the Plaintiff by any means including through 3rd parties.

92. That after Plaintiff reported the misconduct, Defendant City of Chicago allows Defendant Tracy to supervise the Plaintiff and make the Plaintiff's schedule in violation of the order of protection.

93. That after Plaintiff reported the misconduct, Defendant City of Chicago allowed Defendant Tracy to directly and indirectly contact the Plaintiff.

94. That after Plaintiff reported the misconduct, Defendant City of Chicago made it impossible for her to work overtime.

95. That on or about February 26, 2021 Plaintiff was escorted out of the workplace by Kristin Condon at the request of Marty Doyle in a manner that was humiliating and embarrassing after completing FMLA paperwork.

96. That after the Plaintiff complained of harassment, Defendants treated the Plaintiff unfairly.

97. That Defendants' conduct placed Plaintiff in a position inferior to that of other employees, including the harasser.

98. That Defendants' treatment of Plaintiff was motivated by evil motive and intent and was recklessly and callously indifferent to Plaintiff's protected rights.

99. That said retaliation adversely affected the terms and conditions of Plaintiff's employment with Defendants.

100. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and responsibilities, Plaintiff has lost and will continue to lose income, including, but not limited to wages, fringe benefits, pension, seniority benefits and other employment benefits.

17

101.     That as a further direct and proximate result of said employment practices, Plaintiff has suffered depression, PTSD, extreme mental anguish, outrage, severe anxiety, harm to her employability and earning capacity, shamefulness and embarrassment among her friends, colleagues, co-workers, and family, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Petitioner requests that this Court grant the following relief:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully Submitted,

/s/ Shanita Q. T. Straw
/s/Daniel W. Diamond
Shanita Q.T. Straw
Daniel W. Diamond

Golden Law

18

Attorney for Plaintiff
Shanita Q.T. Straw (#6298398)
Daniel W. Diamond (#6323815)
6602 Roosevelt Road
Oak Park, Illinois 60304
708-613-4433
708-777-4433 fax

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Crystal M. Baggett**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
|  | **Eva Baran,** | |
| **440-2021-02503** | **Investigator** | **(312) 872-9681** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*

4/21/2021

Enclosures(s)

**Julianne Bowman,**
**District Director**

*(Date Issued)*

cc: **CITY OF CHICAGO, OFFICE OF EMERGENCY MANAGEMENT**

**Eileen Geary, Esq., Chief Counsel**
**City of Chicago Law Department**
**2 N LaSalle St #660**
**Chicago, IL 60602**

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

### PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR <u>EEOC CHARGE NUMBER</u> ARE "21B" <u>AND</u> YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE <u>MUST</u> BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

### ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

### DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.